SAMUEL P. KING, JR. 1396
735 Bishop Street, Suite 304
Honolulu, Hawaii 96813
Tel. No. 808-384-6325
Fax No. 808-533-4745
Email: sam@kingandking.com

KIMBERLY PAFUNDI 10802
1003 Bishop Street, Suite 2700
Honolulu, Hawaii 96813
Tel. No. 808-492-6092
Fax No. 808-237-2461
Email: kimberly@pafundilaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELAINE AKAU, individually and as Personal Representative of the Estate of Reynold Akau, and BRYAN AKAU,<br><br>    Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF DEFENSE OF THE UNITED STATES OF AMERICA; DEPARTMENT OF THE ARMY OF THE UNITED STATES OF AMERICA; and DOE DEFENDANTS 1-10;<br><br>    Defendants. | Civ. No. _____<br><br>COMPLAINT and SUMMONS |

## COMPLAINT

Plaintiffs, ELAINE AKAU, individually and as Personal Representative of the Estate of Reynold Akau, and BRYAN AKAU (hereinafter collectively referred to as "Plaintiffs"), through undersigned counsel, state for their Complaint against the UNITED STATES OF AMERICA ("USA"), the DEPARTMENT OF DEFENSE OF THE UNITED STATES OF AMERICA ("DOD"), and the DEPARTMENT OF THE ARMY OF THE UNITED STATES OF AMERICA ("DOA") (hereinafter collectively referred to as "the Defendants") as follows:

PRELIMINARY STATEMENT

1. This is an action pursuant to the Federal Tort Claims Act for which Plaintiffs seek monetary damages.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of the Plaintiffs' Federal Tort Claims Act claims pursuant to 28 USC Secs. 1331 and 1346(b)(1).

3. This Court has personal jurisdiction over the USA and over its following Departments: the DOD and the DOA.

4. Venue is proper in the District of Hawaii pursuant to 28 USC 1402(b) because Plaintiffs reside in the District of Hawaii and the actions alleged in this Complaint occurred in the District of Hawaii.

PARTIES

5. Plaintiffs are, and at all times relevant to this Complaint have been, residents and citizens of the State of Hawaii, and Reynold Akau was a resident and citizen of the State of Hawaii prior to and on the date of his death. On June 18, 2019, ELAINE AKAU (under the name of "Elaine June Murakami Akau") was appointed as Personal Representative of the Estate of Reynold Akau by the First Circuit Court, State of Hawaii, in P. No. 19-1-0410 (now renumbered as 1LP191000410).

6. On December 28, 2017, the date of his death, Reynold Akau was the husband of ELAINE AKAU and the father of BRYAN AKAU.

7. Defendant USA is the federal sovereign government of the United States.

8. The DOD is a Department of the USA, and the DOA is a Department of the DOD.

9. DOE DEFENDANTS are persons, male or female, or business entities of any type, foreign or domestic, or governmental entities responsible in whole or in part, jointly and/or severally, directly or indirectly through employees acting within the scope of their employment, for negligently failing to maintain the property identified as Fort Shafter Bowling Center located on island of Oahu, Hawaii, in a safe condition as alleged in this Complaint and thereby negligently causing the injuries sustained to Reynold Akau and by Plaintiffs as alleged in this Complaint. To date, Plaintiffs despite diligent and good faith effort through their own investigation, have

been unable to ascertain the full name and identity of any these DOE DEFENDANTS. If and when any DOE DEFENDANT is identified, such DOE DEFENDANT will be named and identified in accordance with Rule 15(c) of the Federal Rules of Civil Procedure.

CONDITION PRECEDENT

10. On or about July 23, 2019, Plaintiffs submitted administrative claims pursuant to the Federal Tort Claims Act for the damages alleged in this Complaint to the DOA which had jurisdiction over and ownership of the Fort Shafter Bowling Alley located at Fort Shafter, Honolulu, Hawaii, where the accident alleged in this Complaint occurred. The accident allegedly occurred on July 30, 2017, so the administrative claims were timely filed with the Department of the Army within two years of the occurrence of the accident as required by 28 USC 2401(b).

11. On February 16, 2022, Plaintiffs' undersigned counsel received three letters, one for each of the three Plaintiffs, from the DOA denying the administrative claims. Each of the three letters stated that each Plaintiff "may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter."

12. This Complaint is filed within six months of receipt of the administrative denial of the claims referred to in paragraph 11 above as required by 28 USC 2401(b).

STATEMENT OF FACTS

13. On or about July 30, 2017, Reynold Akau was entering the Fort Shafter Bowling Center located on base at Fort Shafter, Honolulu, Hawaii.

14. Fort Shafter Bowling Center is owned by and operated by the DOA which, as alleged above, is a Department of DOD which is in turn a Department of the USA.

15. As Reynold Akau entered the Fort Shafter Bowling Center, he tripped on a the floor mat in the entry area.

16. The floor mat was old, and frayed, and buckled at the edges and was in a dangerous condition and constituted a trip hazzard.

17. The Fort Shafter Bowling Center, and the Defendants which owned and operated the Fort Shafter Bowling Center, had a duty to maintain the entrance area to the Fort Shafter Bowling Center in a safe condition so as not to create any trip hazzards for persons entering the Fort Shafter Bowling Center.

18. The Fort Shafter Bowling Center and the Defendants negligently breached their duty to maintain the entrance in a safe condition by allowing the entrance mat to become frayed and buckled thereby constituting a trip hazzard at the entrance to the Fort Shafter Bowling Center.

19. As a proximate cause of the Fort Shafter Bowling Center's and the Defendants' negligence as set forth above, Reynold Akau tripped on the negligently maintained entrance mat and fell to the ground, breaking his left leg and hip.

20. Reynold Akau required surgery to repair his injuries and subsequently died on December 28, 2017, while attempting to recover from his injuries and surgery.

21. At the time of the accident, Reynold Akau was 86 years old.

22. Upon injuring himself upon his fall at the Fort Shafter Bowling Center until the day he died, Reynold Akau suffered grievous bodily and mental pain and suffering, and incurred substantial medical expenses in amounts which will be shown at the time of trial.

23. At the time of the accident, Reynold Akau lived with his wife, ELAINE AKAU, and his son, BRYAN AKAU, at their residence located in Honolulu, Hawaii.

24. Both ELAINE AKAU and BRYAN AKAU have suffered grievous mental anguish and loss of society, companionship, comfort, consortium, marital care (for ELAINE AKAU), love, and affection as a result of experiencing Reynold Akau's pain and suffering and death as alleged above.

CAUSES OF ACTION

FIRST CAUSE OF ACTION
[Negligence - Wrongful Death - HRS 663-3]

25. Plaintiffs restate and reallege the allegations contained in paragraphs 1-24 above.

26. Defendants owned and operated the Fort Shafter Bowling Center and had a duty to maintain the entrance to the Fort Shafter Bowling Center in a safe condition so as not to create a trip hazzard at the entrance.

27. Defendants negligently breached their duty of care by allowing the entrance mat at the Fort Shafter Bowling Center to constitute a trip hazzard when Reynold Akau entered the Fort Shafter Bowling Center on or about July 30, 2017.

28. Defendants' breach of their duty to maintain the entrance of the Fort Shafter Bowling Center in a safe condition was the proximate cause of Reynold Akau's tripping over the entrance mat and suffering grievous injuries and ultimately death as he attempted to recover from his injuries.

29. Defendants are responsible to pay monetary damages to Plaintiffs ELAINE AKAU and BRYAN AKAU, the spouse and son of Reynold Akau who lived with Reyonld Akau on the date of his death, December 28, 2017, pursuant to Hawaii Revised Statutes ("HRS") 663-3, as a result of their breach of duty to maintain the entrance to the Fort Shafter Bowling Center in a safe condition.

30. The amount of money damages owed by Defendants to ELAINE AKAU and BRYAN AKAU for loss of society, companionship, comfort, consortium, marital care (for ELAINE AKAU), love, and affection will be shown at the time of trial.

SECOND CAUSE OF ACTION
[Negligence - Survival Action - HRS 560:3-703(c) and 664-7]

31. ELAINE AKAU, as the Personal Representative of the Estate of Reynold Akau, restates and realleges the allegations contained in paragraphs 1-30 above.

32. Prior to his death, Reynold Akau was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and

6

suffering and extensive medical expenses, as a result of the negligence of Defendants as alleged above.

33. Had Reynold Akau survived, he would have been entitled to bring an action for damages, and such action has survived him, and ELAINE AKAU is responsible to pursue Reynold Akau's action for damages as the Personal Representative of his estate pursuant to HRS 663-7.

34. The amount of monetary damages suffered by Reynold Akau prior to and because of his death will be shown at the time of trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for special and general damages pursuant to HRS Secs. 663-7 and 663-3 as alleged above against Defendants, jointly and severally, in amounts which will be shown at the time of trial, and for such other and further relief as this Court deems appropriate.

DATED: Honolulu, Hawaii, April 24, 2022.

                                            /s/ Samuel P. King, Jr.
SAMUEL P. KING, JR.
KIMBERLY PAFUNDI
Attorneys for Plaintiffs